1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP C. RICHARDSON,<br><br>       Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>       Defendant. | CASE NO. 14-cv-05068 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. No. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. No. 6). This matter has been fully briefed (*see* Dkt. Nos. 12, 15, 16).

After considering and reviewing the record, the Court finds that the ALJ erred in her assessment of the medical opinion of examining psychologist Michael Brown, PhD,

by rejecting Dr. Brown's opinion without comment or explanation. Dr. Brown opined that plaintiff's anxiety would significantly interfere with plaintiff's ability to communicate and perform effectively in a work setting with even limited public contact. This opinion is significant because, if adopted, it would tend to support a finding of disability under the Act.

## BACKGROUND

Plaintiff, PHILLIP C. RICHARDSON, was born in 1976, and was 34 years old on the alleged date of disability onset of June 21, 2010 (*see* Tr. 198-201, 202-07). Plaintiff graduated from high school and has no other education or training (Tr. 36). He has work experience doing manual labor in a shipyard, processing frozen crab, working as a dishwasher/prep cook in a restaurant, and distributing food for disaster relief (Tr. 229-234).

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder, panic disorder, post-traumatic stress disorder, and substance abuse in partial remission (20 CFR 404.1520(c) and 416.920(c))" (Tr. 14).

At the time of the hearing, plaintiff was living alone in an apartment (Tr. 36

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 62, 64-74, 88-100, 101-113). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on

October 19, 2012 (*see* Tr. 30-61).  On November 2, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 9-29).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ erred at step-two by failing to discuss symptoms and limitations arising from agoraphobia; (2) Whether or not evidence admitted by the Appeals Council ("AC") left the ALJ's step-three finding without substantial evidence support; (3) Whether or not the ALJ properly found plaintiff not credible; and (4) Whether or not the ALJ's Residual Functional Capacity ("RFC") properly included limitations arising from agoraphobia and insomnia (*see* Dkt. No. 12, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) Whether or not the ALJ erred at step-two by failing to discuss symptoms and limitations arising from agoraphobia.

In conjunction with plaintiff's argument that the ALJ erred by failing to discuss the symptoms and limitations arising from plaintiff's agoraphobia, plaintiff argues that the ALJ also erred in her assessment of the medical opinion of examining psychologist

Michael Brown, PhD. Dkt. No. 12, pp. 7-8.  Specifically, plaintiff alleges that the ALJ erred by failing to consider or reject Dr. Brown's August 2011 opinion that plaintiff had a marked limitation in the ability to communicate and perform effectively in a work setting with limited public contact because plaintiff "is anxious in public settings." S*ee* Tr. 20, 375.  Dr. Brown defined "marked" as a "very significant interference" with the ability to perform basic work activities (Tr. 374).

Plaintiff argues that Dr. Brown's opinion is significant because plaintiff's anxiety in public settings would negatively impact his ability to "consistently show up" for work. Dkt. No. 12, p 7.  The Commissioner's regulations contemplate an RFC finding that is based on an individual's ability to perform sustained work activities on a regular and continuing basis, which means "8 hours a day, for 5 days a week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184*2.  For this reason, the inability to perform work activities on a regular and continuing basis could support a finding of disability under the Act. *See id*.  Dr. Brown's opinion also is significant because the basic mental demands of unskilled competitive work require the ability, on a sustained basis, to "respond appropriately to supervision, coworkers, and usual work situations."  SSR 85-15, 1985 WL 56857*4.  A substantial loss of the ability to perform any of these basic work-related activities also would justify a finding of disability under the Act.  *Id*.

As noted previously, the ALJ offered no reason to reject Dr. Brown's August 2011 opinion (*see* Tr. 20The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting*

*Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores,* 49 F.3d at 571.

Here, Dr. Brown examined plaintiff on three occasions during the relevant period in plaintiff's claim (*see* Tr. 361-76). Consistent with Dr. Brown's August 2011 opinion that plaintiff's anxiety would significantly interfere with plaintiff's ability to communicate and perform effectively in a work setting with even limited public contact, Dr. Brown observed that prior to the examination plaintiff "was very uncomfortable waiting in the lobby . . . although it was not all that crowded." Tr. 373. Dr. Brown also noted that plaintiff "will avoid leaving home for fear of having a [p]anic attack and having no one [to] help him." Tr. 373.

Defendant argues, however, that Dr. Brown's February 2012 opinion regarding plaintiff's mental limitations provides necessary context for interpreting Dr. Brown's August 2011 opinion. Dkt. No. 15, p. 5. Namely, defendant observes that Dr. Brown's February 2012 evaluation concludes that plaintiff "does have some anxiety around public settings and probably would not work well in public. In the past, however, he has been able to get along with bosses and co-workers and should be able to continue to do that." Tr. 390. It also is important to note, however, that Dr. Brown made a similar observation in conjunction with the August 2011 evaluation.

In the August 2011 evaluation, which contains the marked limitation at issue before this Court, Dr. Brown noted plaintiff would have moderate limitations in his ability to maintain appropriate behavior in a work setting because "[plaintiff] was able to

get along with others at work in the past. Currently he would appear dysphoric and be anxious around others." Tr. 375. Although a comparison of Dr. Brown's 2011 and 2012 evaluation findings indicates that Dr. Brown likely considered plaintiff's functional limitations more severe in 2011 than in 2012, this does not diminish the significance of Dr. Brown's August 2011 opinion regarding plaintiff's marked limitations in the ability to communicate and perform effectively in a work setting.

Moreover, although Dr. Brown's 2012 findings tend to support that plaintiff's anxiety symptoms may not have continued at a disabling level for the 12 month durational requirement (*see* 20 C.F.R. §§ 404.1509, 416.909), according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of the Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp,* 332 U.S. at 196). For these reasons, the ALJ erred by failing to specifically adopt or reject Dr. Brown's August 2011 opinion regarding plaintiff's social limitations. *See Flores*, 49 F.3d at 570-71. For this reason, the Court finds that the defendant's decision should be reversed and remanded for further administrative proceedings. On remand, the Commissioner should reassess the medical evidence of Dr. Brown, and, if necessary, obtain additional vocational expert testimony.

    (2)    Whether or not evidence admitted by the Appeals Council ("AC") leaves the ALJ's step-three findings without substantial evidence.

Plaintiff also argues that the new evidence, consisting of a mental functional assessment completed by plaintiff's treating mental health counselor Jodi Taylor, MA, submitted for the first time to the Appeals Council, and considered by the Appeals Council in denying review of the ALJ's decision, leaves the ALJ's step-three findings without substantial evidence support. Dkt. No. 12, pp. 8-10. The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration. For this reason, it is not necessary for the Court to reach a determination regarding the new evidence submitted to the Appeals Council. Nonetheless, on remand, the ALJ also should assess the new medical evidence of Ms. Taylor. In addition, to facilitate this assessment, the ALJ may wish to obtain Ms. Taylor's treatment records.[1]

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

//

---

[1] The functional assessment completed by Ms. Taylor indicates that she is a Mental Health Counselor Associate ("MHCA") (Tr. 474, 481). In Washington State, an "associate" is a pre-licensure candidate with a graduate degree in a mental health field. Wash. Rev. Code § 18.225.090 (2008). Associates work under the supervision of a licensed mental health professional and are required to keep progress notes. Wash. Admin. Code § 246-809-035 (2009).

1     **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

2   Dated this 11th day of August, 2014.

 

                                                /s/ J. Richard Creatura

                              J. Richard Creatura
                              United States Magistrate Judge